UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LAVON LEE BROWN                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:19-CV-P543-CRS

WELL PATH MEDICAL SERVICE                                                        DEFENDANT

## MEMORANDUM OPINION

This is a *pro se* civil rights action brought by a prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Lavon Lee Brown leave to proceed *in forma pauperis*. This matter is before the Court for screening of Plaintiff's amended complaint (DN 9) pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff is incarcerated as a pretrial detainee at the Louisville Metro Department of Corrections (LMDC). He originally brought this action against Defendant "Well Path Medical Service" (Well Path), which is ostensibly the private entity contracted to provide medical services to inmates at LMDC.

Plaintiff made the following allegations in the complaint:

I have open wounds in my cell it's seen on camera that CO's are doing pill call everyday and I can be seen on camera every time coming to my door to ask for medical assistance and it is also seen that the officers actually stop and talk to me but the nurse just keeps on going then also it is seen me snapping off being disruptive because they deny me medical treatment they laugh at me walk away even when I'm calm they still deny me that's also seen on camera it got to the point where I felt like I was being "kidnapped" and held against my will I don't understand you can lock me up and tell me "NO" about the things I can't handle on my own as a man like clean my room in which a person with AIDS occupied before me but won't let me clean my cell up or take showers to prevent staphalophikis from spreading because I'm infected with something and puss is pouring out of several wounds. I need help someone help me please . . . GET ME OUT OF HERE BEFORE THEY KILL ME PLEASE!

Upon review of Plaintiff's complaint 28 U.S.C. § 1915A, the Court dismissed Plaintiff's claims against Well Path for failure to state a claim upon which relief may be granted. The Court, however, provided Plaintiff an opportunity to amend his complaint to name as Defendants the individuals who were allegedly denying him access to medical care for his infected wounds. The Court informed Plaintiff that if he did not know the name of a specific individual, he could name a John or Jane Doe Defendant and seek information to identify the person's name through discovery should a claim against that Defendant proceed beyond initial review. However, the Court specifically instructed Plaintiff to make specific allegations against each newly named Defendant and to describe how each was personally involved in the violation of Plaintiff's rights.

In the amended complaint (DN 9), Plaintiff names as Defendants "John Doe #1"; "John Doe #2"; "John Doe #3"; and "John Doe #4". He identifies these individuals as officers at LMDC. The amended complaint does not contain any allegations. As relief, Plaintiff seeks monetary damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

### III.

As stated above, although Plaintiff has named four "John Doe" Defendants in the caption of his amended complaint, he does not make any allegations against them. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissing of plaintiff's claims for failure to state a claim upon which relief may be granted where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 U.S. App. LEXIS 30782, at *7 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 U.S. App. LEXIS 9928, at *3 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the

3

complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."); *Hardy v. Ingham Cty. Jail*, No. 1:18-cv-839, 2018 U.S. Dist. LEXIS 155276, at *6-7 (W.D. Mich. Sept. 12, 2018) (dismissing claims against the "John Doe" and "Jane Doe" defendants for failure to state a claim upon which relief may be granted because the complaint did not contain any allegations against them).

Thus, because Plaintiff has failed to make allegations specific to any "John Doe" Defendant, the amended complaint will be dismissed for failure to state a claim upon relief may be granted.

**IV.**

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date: October 7, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendant
    Jefferson County Attorney
4411.011

4